DWIGHT CALAWAY (SOMETIMES ALSO KNOWN AS JOHN CALAWAY), PLAINTIFF-RESPONDENT, v. THE TOWN OF BELLEVILLE, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT, AND GEORGE A. FITZSIMMONS, DEFENDANT.

Submitted October 11, 1935—Decided May 13, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Hobart & Minard* (*George S. Hobart* and *John J. Gaffey,* of counsel).

For the defendant, *Edward J. Abromson.*

The opinion of the court was delivered by

HEHER, J. The decisive question is whether a magistrate who issues a warrant for the apprehension of the reputed father of a bastard child, or a child likely to be so born, for the purpose of having an adjudication respecting the filiation of such child, under the provisions of "An act for the maintenance of bastard children" (Revision of 1898) (1 *Comp. Stat., p.* 183), is authorized to take money, in lieu of the

bond prescribed by paragraph 4 of the statute, to secure the appearance of the person so apprehended at the time fixed for the examination.

We think not. The statute merely confers upon the magistrate power to take from the person apprehended "a bond to the State of New Jersey, with good and sufficient surety or sureties in the sum so directed on the said warrant * * *." It makes no provision for a money deposit in lieu of the bond; and it is the general rule that, in the absence of express statutory authority therefor, a magistrate is not invested with this power. 3 *R. C. L.* 28; 6 *C. J.* 1023.

Respondent urges that the requisite authority is conferred by section 25 of the Criminal Procedure act (2 *Comp. Stat., p.* 1828), permitting "every judge of the Court of Quarter Sessions and every magistrate who shall let any person to bail" to accept "cash money in lieu of surety on the recognizance of any person bailed," and providing that, "in case any such recognizor shall not appear according to the conditions of his recognizance, the money so paid into court in lieu of surety on said recognizance shall be forfeited and paid to the sheriff of the county in which such bail was taken, and be by him disposed of as if recovered on judgment and execution on a forfeited recognizance on which surety had been taken, * * *." But this is not so. This statute is applicable to bail in criminal proceedings; and it is settled that proceedings under the Bastardy act are civil and not criminal in character. *Overseer of the Poor, Montclair,* v. *Eason,* 92 *N. J. L.* 199; *Leconey* v. *Overseer,* 43 *Id.* 406; *Hildredth* v. *Overseer of Poor,* 13 *Id.* 5.

The municipality, so far as disclosed by the record, did not receive this money; and, under the circumstances, it is under no duty to reimburse plaintiff for the money thus illegally paid to its recorder. The latter did not act *virtute officii.* See *Giardini* v. *Town of Dover,* 101 *N. J. L.* 444; *Ballagh Realty Co., Inc.,* v. *Dumont,* 111 *Id.* 32; *Jersey City* v. *Schoppe,* 82 *Id.* 697.

Judgment reversed, and a *venire de novo* awarded; costs to abide the event.